**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

TEMPLE GUN CLUB, INC., *et al.*,

*Plaintiffs*,

v.

TODD BLANCHE, *et al.*,

*Defendants*.

Civil Action No. 4:26-cv-265-O

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 1

I. Section 922(o) ........ 1

II. This Lawsuit ........ 2

LEGAL STANDARDS ........ 2

ARGUMENT ........ 3

CONCLUSION ........ 4

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2

*Gonzales v. Raich*,
545 U.S. 1 (2005) .......... 4

*Nat'l Ass'n of Home Builders v. Babbitt*,
130 F.3d 1041 (D.C. Cir. 1997) .......... 2

*Thornton v. Univ. of Tex. Sw. Med. Ctr.*,
2024 WL 2787886 (N.D. Tex. May 29, 2024) .......... 3, 4

*United States v. Beuckelaere*,
91 F.3d 781 (6th Cir. 1996) .......... 2

*United States v. Comstock*,
560 U.S. 126 (2010) .......... 4

*United States v. Franklyn*,
157 F.3d 90 (2d Cir. 1998) .......... 2

*United States v. Hale*,
978 F.2d 1016 (8th Cir. 1992) .......... 2

*United States v. Kenney*,
91 F.3d 884 (7th Cir. 1996) .......... 2

*United States v. Knutson*,
113 F.3d 27 (5th Cir. 1997) .......... 1, 2, 3, 4

*United States v. Lopez*,
514 U.S. 549 (1995) .......... 3, 4

*United States v. Rybar*,
103 F.3d 273 (3d Cir. 1996) .......... 2

*United States v. Stewart*,
451 F.3d 1071 (9th Cir. 2006) .......... 2

*United States v. Wilks*,
58 F.3d 1518 (10th Cir.1995) .......... 2

*United States v. Wright*,
117 F.3d 1265 (11th Cir. 1997)....................2

**Statutes**

18 U.S.C. § 922(o)....................1

26 U.S.C. § 5845(b)....................2

Firearms Owners' Protection Act ("FOPA"),
Pub. L. No. 99-308, 100 Stat. 449 (1986)....................1

**Legislative Materials**

H.R. Rep. No. 99-495,
*reprinted in* 1986 U.S.C.C.A.N. 1327 (1986)....................1

## INTRODUCTION

This case raises a single, well-litigated question: Does the Constitution authorize Congress to impose 18 U.S.C. § 922(o)'s ban on civilians possessing post-1986 machineguns? Conveniently, the Fifth Circuit has already answered that question, holding in *United States v. Knutson*, 113 F.3d 27 (5th Cir. 1997), that § 922(o) fits comfortably within Congress's authority to regulate interstate commerce. Plaintiffs correctly concede that this precedent "forecloses" their challenge, while also indicating their desire to use this case as a "vehicle" for overturning *Knutson*. *See* Compl. at 3, ECF No. 1. But whether *Knutson* should be overturned is a question for the Fifth Circuit or the Supreme Court, not this Court. As long as *Knutson* remains binding precedent, the parties agree that plaintiffs' challenge is not legally viable. The Court should therefore dismiss this case.

## BACKGROUND

### I. Section 922(o)

In 1986, Congress enacted the Firearms Owners' Protection Act ("FOPA"), Pub. L. No. 99-308, 100 Stat. 449, a legislative effort designed in part to strengthen the Gun Control Act of 1968 ("GCA") so that law enforcement could better combat violent crime and narcotics trafficking, H.R. Rep. 99-495, at 1, *reprinted in* 1986 U.S.C.C.A.N. 1327, 1327 (1986). Toward that end, FOPA amended the GCA to include, among other things, the following provision, to be codified at 18 U.S.C. § 922(o):

> (1) Except as provided in paragraph (2), it shall be unlawful for any person to transfer or possess a machinegun.
>
> (2) This subsection does not apply with respect to—
>
> > (A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof; or
> >
> > (B) any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.

FOPA § 102. Simply put, in § 922(o), Congress banned civilians from possessing or transferring

machineguns not lawfully possessed as of May 19, 1986 (hereafter "post-1986 machineguns"), the date FOPA became law, thereby capping lawful private ownership of machineguns at pre-1986 levels.[1]

Since its enactment, § 922(o) has survived a panoply of constitutional challenges. Regarding Congress's power to enact it, every Court of Appeals that has addressed the issue has held that § 922(o) is a valid exercise of Congress's authority to regulate interstate commerce. *See United States v. Franklyn*, 157 F.3d 90, 96 (2d Cir. 1998); *United States v. Rybar*, 103 F.3d 273, 285 (3d Cir. 1996); *United States v. Knutson*, 113 F.3d 27, 31 (5th Cir. 1997); *United States v. Beuckelaere*, 91 F.3d 781, 784 (6th Cir. 1996); *United States v. Kenney*, 91 F.3d 884, 891 (7th Cir. 1996); *United States v. Hale*, 978 F.2d 1016, 1018 (8th Cir. 1992); *United States v. Stewart*, 451 F.3d 1071, 1078 (9th Cir. 2006); *United States v. Wilks,* 58 F.3d 1518, 1521–22 (10th Cir.1995); *United States v. Wright*, 117 F.3d 1265, 1270–71 (11th Cir. 1997); *see also Nat'l Ass'n of Home Builders v. Babbitt*, 130 F.3d 1041, 1047 (D.C. Cir. 1997) (agreeing that § 922(o) is a valid regulation of interstate commerce).

## II. This Lawsuit

Two months ago, three individuals and a Texas gun club filed this challenge to § 922(o)'s ban on civilian possession of post-1986 machineguns, claiming it exceeds Congress's constitutional authority. *See* Compl. at 2–3.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, a

[1] FOPA adopted the National Firearms Act of 1934's ("NFA") definition of "machinegun"—*i.e.*, "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger," including "the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b); *see also* FOPA § 101.

court must accept as true all well-pleaded facts and determine whether those facts, if proven true, would entitle the plaintiff to a favorable judgement under a "viable legal theory." *Thornton v. Univ. of Tex. Sw. Med. Ctr.*, 2024 WL 2787886, at *1 (N.D. Tex. May 29, 2024).

**ARGUMENT**

The Court should dismiss this case, as both parties agree that the Fifth Circuit's decision in *Knutson* squarely forecloses plaintiffs' constitutional challenge to § 922(o). *See* Compl. at 3.

In *Knutson*, the Fifth Circuit rejected a Commerce Clause challenge to § 922(o)'s ban on the possession and transfer of post-1986 machineguns. 113 F.3d at 29–31. The court began by finding that "much of the conduct" that § 922(o) regulates "fits comfortably" within Congress's authority to regulate the "channels" and "instrumentalities" of interstate commerce, *id.* at 29 (citation omitted)—the heartland of the Commerce Clause, *United States v. Lopez*, 514 U.S. 549, 558 (1995). The court explained that, because "the vast majority of machinegun possessions constitute the culminating step in interstate commercial transactions," § 922(o) most often regulates "an item bound up with interstate attributes," a subject of regulation well within Congress's Commerce Clause authority. *Knutson*, 113 F.3d at 29–30. The court then acknowledged that § 922(o) also regulates the "rare … instances of purely non-commercial intrastate possession"—for example, possession of a homemade machinegun. *Id.* at 30. Rather than consider whether that type of activity also is within Congress's power to regulate the "channels" or "instrumentalities" of interstate commerce (as some Courts of Appeals had held), the court took what it saw as an easier route to resolving the issue: the so-called "substantial effects" test. *Id.* at 30; *see also Lopez*, 514 U.S. at 558–59 ("Congress' commerce authority includes the power to regulate … activities that substantially affect interstate commerce."). Applying that test, the court held that it was "obvious 'to the naked eye' that the transfer and possession of machineguns," "including those that might conceivably be characterized as exclusively intrastate or noncommercial," "has a substantial effect on interstate commerce," and thus § 922(o)'s regulation of such conduct fits within

Congress's Commerce Clause authority. *Knutson*, 113 F.3d at 29–31 (quoting *Lopez*, 514 U.S. at 563).

Under *Knutson*, which binds this Court, plaintiffs have no "viable legal theory" in challenging Congress's authority to enact § 922(o)'s ban on civilians possessing post-1986 machineguns. They have thus not stated a plausible claim for relief, *see Thornton*, 2024 WL 2787886, at *1, and on that basis alone, this case should be dismissed.[2]

**CONCLUSION**

The Court should dismiss this case under Rule 12(b)(6).

Dated: May 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005

[2] While it's unnecessary for this Court to address § 922(o)'s constitutionality apart from applying *Knutson*'s binding holding, defendants maintain for the sake of preservation that § 922(o) is not only a valid exercise of Congress's authority to regulate activities that substantially affect interstate commerce, *Knutson*, 113 F.3d at 29–30, but also is a valid exercise of Congress's authority to regulate "the persons" and "the things" in interstate commerce, *see Lopez*, 514 U.S. at 558; *Gonzales v. Raich*, 545 U.S. 1, 34 (2005) (Scalia, J., concurring in the judgment) (finding it "self-evident" that Congress has the authority to regulate "the ingredients of interstate commerce itself"), and Congress's authority "[t]o make all Laws which shall be necessary and proper for carrying into Execution" the federal government's powers, *see* U.S. Const. art. I, § 8, cl. 18; *see also United States v. Comstock*, 560 U.S. 126, 133–34 (2010) ("[T]he Necessary and Proper Clause grants Congress broad authority to enact federal legislation" as "a means that is rationally related to the implementation of a constitutionally enumerated power."). So insofar as any plaintiff seeks to convert into a machinegun a firearm that has flowed through interstate commerce, § 922(o) is valid as applied to that particular plaintiff as a regulation of, among other things, the persons and things in interstate commerce. For those reasons as well, plaintiffs' challenge fails.

Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On May 29, 2026, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice