**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **TEMPLE GUN CLUB, INC., ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  4:26-CV-00265-O** |
| | § | |
| **PAMELA BONDI, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>ORDER</u>

Before the Court are Defendants' Motion to Dismiss (ECF No. 12) and Brief in Support (ECF No. 13); Plaintiffs' Response (ECF No. 14); and Defendants' Reply (ECF No. 15). Having reviewed the briefing and relevant case law, Defendants' Motion is **GRANTED** and Plaintiffs' Complaint (ECF No. 1) is **DISMISSED** with prejudice.

Defendants argue that a federal prohibition on possessing a post-1986 machinegun is not a "necessary and proper" extension of Congress's power to regulate interstate commerce. Defendants file this case with the full knowledge that it "runs directly into the Fifth Circuit panel's opinion in *United States v. Knutson*, 113 F.3d 27 (5th Cir. 1997) (per curiam)," and therefore could be dismissed. Pls.' Resp. 5, ECF No. 14. However, it is Defendant's contention that *Knutson* is at odds with a correct interpretation of the commerce clause, and *United States v. Lopez*, 514 U.S. 549, 567–68 (1995). *Id.* at 3. Because this Court is bound by the Fifth Circuit's opinion in *Knutson*, the Court finds that Defendants' Motion should be and is hereby **GRANTED**.

**SO ORDERED** on this **22nd day** of **July 2026**.

Reed O'Connor

**CHIEF UNITED STATES DISTRICT JUDGE**